**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

   v.

TERRY LAWRENCE WHITE, a/k/a
Buster,

    *Defendant-Appellant.*

No. 00-4445

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-23-V)

Submitted: February 28, 2001

Decided: March 26, 2001

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

S. Y. Mason-Watson, Charlotte, North Carolina, for Appellant. Robert J. Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Terry Lawrence White appeals his conviction entered on his guilty plea to possession with intent to distribute cocaine and crack cocaine stemming from his role in a large-scale conspiracy. White noted a timely appeal and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit presented by this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in declining to apply the "safety valve" provision under 18 U.S.C. § 3553(f) (1994) to White's sentence. *See United States v. Beltran-Ortiz*, 91 F.3d 665, 667 (4th Cir. 1996). White filed a pro se supplemental brief in which he advances the same claim of error as counsel. Because we find no error in the district court's sentencing and can discern no other reversible error in the record on appeal,* we affirm White's conviction and sentence.

There is no merit to counsel's suggestion of error on appeal. White did not meet all of the requirements for a departure under § 3553(f) because the district court found at sentencing that White failed to truthfully provide all information concerning the offense to the Government prior to sentencing. *See* 18 U.S.C. § 3553(f)(5). The court's finding that White was not credible in his claim that he had provided all the information he had is not susceptible to appellate review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Because White does not meet all of the requirements set forth in § 3553(f), he is ineligible for a reduction under the "safety valve" provision. The district court did not err in declining to apply this reduction.

As required by *Anders*, we have independently reviewed the entire

---

*The court has considered and rejected the possibility of reversible error in light of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).

record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

White's conviction and sentence are affirmed. Counsel's pending motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*